IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE WEAVER,<br><br>       Plaintiff,<br><br>vs.<br><br>CAPTAIN LOPEZ, M.D., et al.,<br><br>       Defendants. | 1:06-cv-0188-OWW-DLB-P<br><br>**FINDINGS AND RECOMMENDATIONS RE DISMISSAL OF ACTION FOR FAILURE TO OBEY A COURT ORDER**<br><br>(Doc. 4) |

    Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

    By order filed March 15, 2006, the court ordered plaintiff to either pay the filing fee for this action or to submit an application to proceed in forma pauperis.  Plaintiff has failed to do either.

    Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case."  Thompson v. Housing Auth.,

1  782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action,
2  with prejudice, based on a party's failure to prosecute an action,
3  failure to obey a court order, or failure to comply with local
4  rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir.
5  1995)(dismissal for noncompliance with local rule); Ferdik v.
6  Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for
7  failure to comply with an order requiring amendment of complaint);
8  Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(dismissal for
9  failure to comply with local rule requiring pro se plaintiffs to
10 keep court apprised of address); Malone v. U.S. Postal Service, 833
11 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with
12 court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir.
13 1986)(dismissal for failure to lack of prosecution and failure to
14 comply with local rules).
15      In determining whether to dismiss an action for lack of
16 prosecution, failure to obey a court order, or failure to comply
17 with local rules, the court must consider several factors: (1) the
18 public's interest in expeditious resolution of litigation; (2) the
19 court's need to manage its docket; (3) the risk of prejudice to the
20 defendants; (4) the public policy favoring disposition of cases on
21 their merits; and, (5) the availability of less drastic
22 alternatives.  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at
23 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61;
24 Ghazali, 46 F.3d at 53.
25      In the instant case, the court finds that the public's
26 interest in expeditiously resolving this litigation and the court's
27 interest in managing the docket weigh in favor of dismissal as this
28 case has been pending since 2004.  The third factor, risk of

2

1  prejudice to defendants, also weighs in favor of dismissal, since a
2  presumption of injury arises from the occurrence of unreasonable
3  delay in prosecuting an action.  Anderson v. Air West, 542 F.2d
4  522, 524 (9th Cir. 1976).  The fourth factor -- public policy
5  favoring disposition of cases on their merits -- is greatly
6  outweighed by the factors in favor of dismissal discussed herein.
7  Finally, a court's warning to a party that his failure to obey the
8  court's order will result in dismissal satisfies the "consideration
9  of alternatives" requirement.  Ferdik v. Bonzelet, 963 F.2d at
10 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The
11 court's order of March 15, 2006, expressly stated: "Failure to
12 comply with this order will result in a recommendation that this
13 action be dismissed."  Thus, plaintiff had adequate warning that
14 dismissal would result from non-compliance with the court's order.
15      Accordingly, it is HEREBY RECOMMENDED that this action be
16 DISMISSED for plaintiff's failure to obey the court's order of
17 March 15, 2006.
18      These Findings and Recommendations are submitted to the United
19 States District Judge assigned to the case, pursuant to the
20 provisions of Title 28 U.S.C. § 636(b)(l).  Within **fifteen (15)**
21 **days** after being served with these Findings and Recommendations,
22 plaintiff may file written objections with the court.  Such a
23 document should be captioned "Objections to Magistrate Judge's
24 Findings and Recommendations."  Plaintiff is advised that failure
25 to file objections within the specified time may waive the right to
26 appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153
27 (9th Cir. 1991).
28

1  IT IS SO ORDERED.

2  Dated:   December 6, 2006             /s/ Dennis L. Beck
   3c0hj8                                 UNITED STATES MAGISTRATE JUDGE